## DEMING *v.* GOODALL.

One who is summoned as trustee in a process of foreign attachment, is entitled, upon complaint, to costs; although the plaintiff has, before court, given him notice that the action would not be entered against him, and has tendered him a discharge in writing.

COMPLAINT FOR COSTS. The defendant commenced an action against one Blake as principal, and the complainant as his trustee, returnable to the term of the court of common pleas holden on the third Tuesday of August, 1845, and caused the writ to be duly served upon the principal and upon the complainant. Early in the morning of the first day of the term, before the hour of court, the present defendant called at the residence of the com-

plainant, and was informed by him that he was not indebted to said Blake; and, becoming satisfied that the trustee was not liable, the defendant told the trustee that he should not enter the action against him, and that he would discharge the action as to the trustee, without cost, which discharge the trustee declined to receive, unless the defendant would pay him costs. The defendant thereupon made and executed a written discharge — discharging and releasing the trustee from all liability, as such trustee; and offered to deliver it to him, and he declined receiving it. This defendant then told him he should not enter the action against the trustee, and laid said discharge upon a board for the trustee, and left it there. The trustee was at the time engaged in his business at home, but afterward went to the court house, and for his fees for travel and attendance, filed the complaint in this case; the defendant not having entered his action against the trustee.

*Hibbard*, for the complainant. If the party proceeded against incurs costs preparatory, he should have them in such a case as this. Washburn's Dig. 251; 2 Vt. 180; 6 N. H. Rep. 138. Preparatory costs are recognized in U. S. Dig. 608.

Although the paper tendered the complainant had been properly executed, he had a right to attend court, to see that the proper entry was made.

*Morrison*, for the defendant. Travel and attendance are allowable when they are done in the exercise of good faith. The statute says that in cases of fraud the trustee shall not have costs. 12 N. H. Rep. 347.

GILCHRIST, J. This is a complaint under the first section of chapter 186, of the Revised Statutes, providing that if one who has caused process to be served upon a

defendant, shall omit to enter the action, judgment shall be rendered against him upon complaint, for costs.

The complainant was served with process to bring him into court, to answer an allegation of having in his hands the property of the principal defendant.

It is very plain that in the absence of any effective measures between the service and return-day of the process, to procure his discharge, he would, by our laws, be charged, upon his default to appear and make answer.

Supposing there had been an agreement between him and the plaintiff in the suit, that the action, as against him, should not be entered, and that he should not appear to claim his costs; it would have been such an agreement as the court could not have enforced in specie, not having been made in term, and the plaintiff might, notwithstanding, have entered the action, had he chosen to have practiced such false dealing, and the party injured would have been confined to his remedy by an action to recover damages.

The case does not render it necessary to decide whether such an agreement would be an effectual bar to a claim for costs on behalf of the defendant, who should, in alleged distrust of the plaintiff's agreement, see fit to appear in court for his own safety, and there, in violation of his engagement, apply for costs; for in this case the defendant, the present complainant, made no such engagement, but declined, in a decisive manner, to do so.

The question, therefore, arises upon the mere offer of the plaintiff in the action to release the complainant before the entry of the action, and the tender of a writing to that effect.

We think that one who has called another into court by a process, which, unless defeated by some means, would ordinarily result in subjecting him to a judgment, cannot, by a mere promise not to pursue him further, relieve and protect himself against the right of the party

so summoned, to appear in court, and see that the action is answered to, if entered, and to protect himself effectually against the proceeding.

In many cases it might be unreasonable for a defendant to distrust the plaintiff's promise, and oppressive to exact costs. But such are not cases for the court, who cannot discriminate between those in which the parties may, and those in which they may not, with good reason, insist upon their legal rights.

There may be cases in which the party sued might have good cause for distrusting the promise of the plaintiff not to enter his action; and cases in which the consequences of the violation of confidence reposed might be very disastrous and wholly remediless, through the inability of the party guilty of it to respond in damages to which the other would be entitled.

It might have been very unreasonable in this party to disbelieve Mr. Goodall, but he must stand in court like parties less worthy to be trusted. We cannot estimate the considerations that should prevail to inspire confidence or to cause distrust; or that might induce one, in special cases, to forego the sure and obvious measures to make himself safe against the consequences of a process that has been legally served upon him.

The complainant having brought himself within the statute—for a trustee is in our practice regarded as a defendant—must have

*Judgment for costs.*